UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| --------------------------------X | **Docket#** |
| UNITED STATES OF AMERICA, : | 17-cr-00121-RJD-LB-1 |
| : | |
| - versus - : | U.S. Courthouse |
| : | Brooklyn, New York |
| ALEXEY BARYSHEFF, : | |
| Defendant : | March 21, 2017 |
| --------------------------------X | |

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

**For the Government:** **Bridge M. Rohde, Esq.**
United States Attorney

BY: **Craig Heeren, Esq.**
Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**For the Defendant:** **Douglas G. Morris, Esq.**
Federal Defenders of NY
16 Court Street
Brooklyn, NY

**Transcription Service:** **Transcriptions Plus II, Inc.**
61 Beatrice Ave.
West Islip, NY 11795
laferrara44@gmail.com

Proceedings recorded by electronic sound-recording, transcript produced by transcription service

THE CLERK: Criminal Cause for a Guilty Plea, docket number 17-CR-121, United States of America v. Barysheff.

Counsel please state your name and appearances for the record.

MR. HEEREN: Craig Heeren on behalf of the United States.

Good morning, your Honor.

MR. MORRIS: Douglas Morris of Federal Defenders for Mr. Alexey Barysheff.

Good morning, Judge.

THE CLERK: The Honorable Lois Bloom presiding.

THE COURT: Good morning, Mr. Heeren and Mr. Morris and good morning to you, Mr. Barysheff.

We have with us an interpreter. Can I please get the interpreter sworn.

(INTERPRETER SWORN)

MR. MORRIS: Your Honor, we're going to ask that the interpreter be present on standby for any occasion in which my client asks for the assistance. He thinks that he can follow the proceedings in English and we prefer to do it that way.

THE COURT: Can I please get the interpreter to note her name for the record?

MR. MORRIS: Sorry.

THE INTERPRETER: My name is Nelly Alishaev, Russian interpreter on standby.

THE COURT: Thank you. And Mr. Barysheff, your attorney has told me that you want these proceedings to be conducted in English.

Is that correct?

THE DEFENDANT: Yes, that's correct, your Honor.

THE COURT: Do you speak and understand English, sir?

THE DEFENDANT: Yeah, I feel pretty confident with English.

THE COURT: Well again, it's important that you understand these proceedings. If for any reason you don't understand something that's been said, please put up your hand and we'll have that portion of the proceeding repeated for you.

You have asked that she be standing by but not consecutively translating. That's your preference.

THE DEFENDANT: Yeah, that's my preference. That's correct.

THE COURT: Very good.

Mr. Barysheff, as you know, this case has been assigned to Judge Dearie and he is the judge who will make the ultimate decision as to whether to accept your

guilty plea and if he does accept it, he will be the judge who sentences you.

You have the absolute right to have Judge Dearie listen to your plea without any prejudice to you.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: If you wish, I will listen to your plea and a transcript will be made and Judge Dearie will review the transcript in connection with your sentence. I have before me a form and it states that you have consented to have me hear your plea today. So I am going to ask that this form be presented to you.

Is this your signature on the consent form?

THE DEFENDANT: Yes, your Honor, that's my signature.

THE COURT: And did you review this form with your attorney before you signed it?

THE DEFENDANT: Yes, I did.

THE COURT: And do you understand the form?

THE DEFENDANT: Yes, I do.

THE COURT: Then please pass it back.

Do you give me your consent to hear your guilty plea today voluntarily and of your own free will?

THE DEFENDANT: Yes, your Honor, I do.

THE COURT: Have there been any threats or promises made to you to induce you to agree to have me take your plea here today?

THE DEFENDANT: No.

THE COURT: I am therefore signing this and it is also signed by Mr. Morris and Heeren and it's dated today, March 21st, 2017.

Mr. Barysheff, I'm advised by your attorney that you wish to plead guilty to an information charging you with the submission of false export information.

Is that correct that you wish to plead guilty to this information?

THE DEFENDANT: Yes, that's correct.

THE COURT: This is a serious decision, Mr. Barysheff, and the Court must be certain that you understand your rights -- did I say something wrong, Mr. --

MR. HEEREN: I'm sorry, your Honor. I was checking to see if the defendant has been sworn in yet.

THE COURT: He hasn't yet.

MR. HEEREN: Okay.

THE COURT: No.

MR. HEEREN: I'm sorry, your Honor. I didn't know if --

THE COURT: He will be.

MR. HEEREN: Apologies.

THE COURT: It's quite okay.

The Court has to be certain that you understand your rights and the consequences of your plea. I'll explain certain matters to you and ask you to answer questions. If I say anything that you do not understand, please tell me.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Then I will ask my clerk to please swear the defendant.

A L E X E Y B A R Y S H E F F ,

called as a witness, having been first duly sworn, was examined and testified as follows:

THE COURT: Mr. Barysheff, you have just taken an oath to tell the truth. Do you understand that if you answer any of the questions that I ask you falsely, your answers may later be used against you in another criminal prosecution for perjury or for making a false statement?

THE DEFENDANT: Yes, I understand.

THE COURT: What is your full name, sir?

THE DEFENDANT: My full name is Alexey Barysheff.

THE COURT: And how old are you?

THE DEFENDANT: 37 years.

THE COURT: And what schooling or education have you had, Mr. Barysheff?

THE DEFENDANT: I graduated from the Russian State University. I believe that's equivalent to bachelor's in math.

THE COURT: And when was that?

THE DEFENDANT: That was 2002.

THE COURT: And have you had any difficulty in communicating with your attorney?

THE DEFENDANT: No, no, I didn't have any difficulties.

THE COURT: And Mr. Morris, have you had any difficulty in communicating with Mr. Barysheff?

MR. MORRIS: No.

THE COURT: The answer, I'm sorry?

MR. MORRIS: No.

THE COURT: Thank you.

Mr. Barysheff, are you presently or have you recently been under the care of a doctor or a psychiatrist?

THE DEFENDANT: No.

THE COURT: Have you ever been hospitalized or treated for any mental illness?

THE DEFENDANT: No, I haven't.

THE COURT: Have you ever been hospitalized or

treated for any addiction to drugs, alcohol or any other substance?

THE DEFENDANT: No, I haven't.

THE COURT: In the past 24 hours have you taken any pills, medicine or drugs of any kind?

THE DEFENDANT: No, I haven't.

THE COURT: Have you had any alcoholic beverage in the last 24 hours?

THE DEFENDANT: No, I haven't.

THE COURT: Is your mind clear as you stand before the Court today?

THE DEFENDANT: Yes, it is.

THE COURT: And do you understand the nature of these proceedings today?

THE DEFENDANT: Yes, I do. I understand.

THE COURT: Mr. Morris, have you discussed the question of a guilty plea with your client?

MR. MORRIS: Yes.

THE COURT: In your view, does he understand the rights he would be waiving by pleading guilty?

MR. MORRIS: Yes.

THE COURT: And is he capable of understanding the nature of these proceedings?

MR. MORRIS: Yes.

THE COURT: Do you have any doubts as to his

competency to proceed here today?

MR. MORRIS: None.

THE COURT: And have you advised him of the penalties that can be imposed and discussed the applicable sentencing considerations, including the sentencing guidelines?

MR. MORRIS: Yes.

THE COURT: And Mr. Barysheff, have you had the opportunity to discuss your case with your attorney?

THE DEFENDANT: Yes, I have.

THE COURT: Are you satisfied with the assistance your attorney has given you thus far in this matter?

THE DEFENDANT: Yes, I am completely satisfied.

THE COURT: Thank you. Have you received a copy of the information that has been filed against you by the United States?

THE DEFENDANT: Yes.

THE COURT: And have you consulted your attorney about the charge that you will be pleading guilty to?

THE DEFENDANT: Yes.

THE COURT: And do you understand the charge against you?

THE DEFENDANT: Yes, I understand.

THE COURT: This information charges you with a serious felony. The government cannot come to court and simply file a charge like this unless you agree to it. Under the United States Constitution, you have a right to have the evidence presented to a grand jury of at least 16 and not more than 23 persons and this group of people are not part of the government and they would determine whether or not there was probable cause to believe you committed the crime that is charged.

To obtain an indictment, the government would have to persuade a majority of the members of the grand jury that there was probable cause to believe that you committed this offense.

If the grand jury found probable cause, they would return what is called an indictment. If no indictment is returned, no charge would be brought against you. So when you waive indictment, you give up the right to have the grand jury make the determination and you say that it is fine with you that the government has come to the court and filed a charge directly.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: Have you discussed with your attorney the matter of waiving your right to indictment by a grand jury?

THE DEFENDANT: Yes, we have discussed it.

THE COURT: Do you understand that you have the right to be indicted by the grand jury?

THE DEFENDANT: I understand.

THE COURT: Mr. Morris, are you satisfied that your client understands what it is to waive indictment?

MR. MORRIS: Yes.

THE COURT: Do you see any reason why he should not waive indictment?

MR. MORRIS: No good reason in the present circumstances.

THE COURT: Has anyone threatened or forced you to waive your right to be indicted by the grand jury, Mr. Barysheff?

THE DEFENDANT: No. No, your Honor.

THE COURT: Do you wish to waive your right to be indicted by the grand jury, sir?

THE DEFENDANT: Yes, I do.

THE COURT: I am going to pass forward a form, "Waiver of Indictment," and I am going to ask is this your signature, Mr. Barysheff, on the waiver of indictment form?

THE DEFENDANT: Yes, that's my signature.

THE COURT: And did you review this with your attorney before you signed this form?

THE DEFENDANT: Yes, we did, your Honor.

THE COURT: And do you understand this form?

THE DEFENDANT: I do.

THE COURT: Please give it back to me. I find that defendant's waiver of indictment is knowingly and voluntarily made and I accept that it is and therefore, I am signing the waiver of indictment.

Mr. Barysheff, it's very important that you understand that you have a right to plead not guilty to this information and to persist in that plea.

Under the Constitution and laws of the United States, you would then have the right to a speedy and public trial before a jury with the assistance of your attorney.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: You are presumed to be innocent and would not have to prove that you were innocent. At trial, the burden is on the government to prove beyond a reasonable doubt that you are guilty of the crime charged.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: The government would have to prove beyond a reasonable doubt that you exported to attempt to

export an international shipment that required the filing of a shipper's export declaration or an electronic export information filing in the automated export system.

That you knowingly and intentionally submitted false or misleading information that resulted in a failure to file a shipper's export declaration or a failure to make an electronic export information filing in the automated export system or the submission of false or misleading information through a shipper's export declaration or through an electronic export information filed in the automated export system. And that you knew that the information submitted in connection with the export or attempted export of an international shipment was false or misleading.

If the government fails to present sufficient evidence to prove the elements of that crime, the jury would have the duty to find you not guilty.

Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: In the course of a trial, witnesses for the government would have to come to court and testify in your presence. Your lawyer would have the right to cross-examine these witnesses, to object to the evidence offered by the government and to offer evidence in your behalf.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: You would also have the right to compel the attendance of witnesses at trial.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: Although you have the right to testify at a trial, you cannot be compelled to testify and incriminate yourself. If you decided not to testify, the Court would instruct the jury they could not to hold that against you.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: If you plead guilty, I will ask you questions about what you did in order to satisfy myself that you are guilty of the crime to which you seek to plead guilty. And you will have to answer my questions and acknowledge your guilt.

Thus, you'll be giving up the right that I have just described; that is, the right not to say anything that would show that you are guilty of the crime with which you are charged.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: If you plead guilty and the Court

accepts your guilty plea, you'll be giving up your right to a trial and all the other rights I've just discussed. There will be no trial and the Court will simply enter a judgment of guilty based on your plea.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: Are you willing to give up your right to a trial and the other rights I've discussed with you?

THE DEFENDANT: Yes, I am willing.

THE COURT: Is there an agreement pursuant to which this plea is being offered, Mr. Heeren?

MR. HEEREN: Yes, your Honor, there is a plea agreement between the parties.

THE COURT: And is it this, marked Court Exhibit 1?

MR. HEEREN: Yes, your Honor.

THE COURT: And then the Court Exhibit 1 is taken into evidence and I am going to pass it up and ask, there are two pages 6 and one is signed by Mr. Heeren and Mr. Barysheff and Mr. Morris and the other is just signed by the supervising Assistant United States Attorney.

Can you explain why there are two page 6?

MR. HEEREN: Yes, your Honor. At the time that we received approval from our supervising Assistant U.S.

Attorney, Robert Capers was the U.S. Attorney in our office. Subsequent to that and prior to our proceeding today, there was turnover where Mr. Capers has stepped down and Bridget Rohde became the Acting U.S. Attorney.

So the parties have signed the document with Ms. Rohde's name on it, whereas the supervising attorney's name is on Mr. Capers signature but nothing else is different on the document.

THE COURT: Thank you, Mr. Heeren. I just wanted it to be on the record.

MR. HEEREN: Sure.

THE COURT: And do you understand, Mr. Barysheff, that there are two page 6 because there's been a change in who the United States Attorney in the Eastern District is?

THE DEFENDANT: Yes.

THE COURT: Okay.

THE DEFENDANT: I understand that.

THE COURT: I am just going to pass this to you and ask whether the page 6 that is dated March 21st, that has Mr. Heeren's signature on it and has your attorney's signature, I am going to ask is this your signature? And please look through the agreement and make sure it is the agreement that you signed.

Is that your signature on page 6 of the --

THE DEFENDANT: Yes, that's my signature.

THE COURT: -- plea agreement? Thank you.

So I am just going to summarize the agreement. You are waiving indictment and pleading guilty to the information which charges you with a violation of Title 13 USC Section 305(a)(1). In exchange, the government agrees that no further criminal charges will be brought against you for your criminal activity involving the export and attempted export from the United States to Russia, either directly or by way of other countries, of one or more items under the jurisdiction of the United States Department of Commerce. To wit, microelectronics, digital to analog converters, integrated circuits and the like, without having obtained the required license -- excuse me -- from the Department of Commerce for the submission of false or misleading information through the shipper's export declaration or any successor document, all during the period from February 1st, 2015 through October 5th, 2016. It being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including but not limited to a prosecution pursuant to 18 USC Section 1961 and following.

Do you understand that?

THE DEFENDANT: Yes, I understand.

THE COURT: The United States Attorney's Office will make no motion for an upward departure under the sentencing guidelines and will not recommend a specific sentence to be imposed to the Court.

The United States Attorney's Office cannot and does not make a promise or representation as to what sentence will be imposed by the Court.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: You also agree by this plea agreement not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 16 months or below.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: Do you also understand that the United States Department of Commerce, the United States Department of State and/or the United States Department of Treasury, may move to deny you export privileges through inclusion on certain lists and you, by this plea agreement, agree not to contest any administrative action taken.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: This agreement does bind any federal state or local prosecuting authority other than the United States Attorney's Office and doesn't prohibit the office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving you.

Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: Does the agreement accurately reflect your understanding of what you have entered into as a plea agreement with the government?

THE DEFENDANT: Yes, it does.

THE COURT: Apart from any written proffer agreements, if applicable, as well as the promises contained in the written agreement discussed here today, has anyone made any other promise to you that has caused you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone made any promises to you, Mr. Barysheff, as to what your sentence will be?

THE DEFENDANT: No.

THE COURT: Mr. Barysheff, let me discuss the consequences of your pleading guilty here today. You are pleading guilty to the information as we discussed earlier. The statute you are pleading guilty to provides

for a zero year minimum, and a five year maximum term of imprisonment.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: There's a maximum supervised release term of three years which will follow any term of imprisonment and if a condition of release is violated, you may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision, even if the violation occurs close to the end of the supervised period.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: Was something wrong, Mr. Morris? I just saw you looking at Mr. Heeren. I just want to make sure that that was not a look that I was supposed to do something differently.

MR. MORRIS: Not yet.

THE COURT: Very good.

The maximum fine, Mr. Barysheff, is $10,000.

Do you understand?

THE DEFENDANT: Yes, I understand that.

THE COURT: Restitution is not applicable but there is a $100 special assessment that must be paid to the Court prior to sentencing.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: There are also the export sanctions that I have just read into the record that we discussed earlier that are contained in paragraph 6 of the agreement.

Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: If you are not a citizen of the United States, Mr. Barysheff, because of the crime you are pleading guilty to, removal of the United States is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding. However, you must understand that no one including your attorney, the prosecutor or the district court can predict with certainty the effect of your conviction on your immigration status.

You must understand that if you are not a citizen of the United States, by pleading guilty, there will be immigration consequences requiring your removal from the United States and you will not be permitted to re-enter the United States.

Do you understand?

THE DEFENDANT: Yes, I understand that.

(Counsel and client confer)

MR. MORRIS: Your Honor, my client is a U.S. citizen.

THE COURT: I put this in too because we are not supposed to take your word for it at this point. We're supposed to give the warnings, just in case somebody has told their lawyer that they are but they turn out not to be a citizen of the United States. We've been instructed to include the warnings in every plea.

In determining what sentence to impose, Judge Dearie will consider the guidelines issued by the United States Sentencing Commission and the other factors specified by Section 3553(a) of Title 18, to determine whether to impose a sentence within that range.

These other factors considered include the nature and circumstance of the crime committed, your characteristics and history and the public interest in the sentence. Prior to sentencing, the Court will receive a presentence report containing information about these factors and guidelines. You and your lawyer will have the opportunity to see that report and to speak on your behalf at sentencing.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: Have you and your attorney discussed how the Sentencing Commission Guidelines might

apply to your case, Mr. Barysheff?

THE DEFENDANT: Yes, we did.

THE COURT: Although the guidelines are advisory, Mr. Heeren, has the government estimated what the sentencing guideline range is likely to be?

MR. HEEREN: We do, your Honor. It's the government's estimate that the base offense level in this case is 14. There's no enhancements or adjustments, so that the total offense level would be 14 with a two level reduction that the defendant receives for pleading guilty, the level drops 12 and we estimate a range of imprisonment of 10 to 16 months, as the guidelines range.

THE COURT: And Mr. Morris, is that your estimate as well?

MR. MORRIS: No, I think that's a high -- an incorrect calculation of the guidelines.

THE COURT: Can you just put your estimate on the record, please?

MR. MORRIS: Sure. My estimate is a base offense level of six, deduction of two to four, and a criminal history category one, zero to six months.

THE COURT: Keep in mind, Mr. Barysheff, that these are just estimates and they could be wrong. Judge Dearie will calculate the guideline range and determine whether to follow or depart from the applicable guideline

range.

If your sentence is higher than you expect it to be, you will not be able to withdraw your guilty plea.

Is that clear?

THE DEFENDANT: Yes, I understand that, as well.

THE COURT: In addition to imprisonment, you will be sentenced to a term of supervised release. Supervised release means that after you are released from prison, your activities will be supervised by the probation department and there may be many restrictions placed on your liberty such as travel limitations, requirements that you report regularly to a probation officer, prohibitions on carrying guns and the like.

Do you understand the nature of supervised release?

THE DEFENDANT: Yes, I understand it.

THE COURT: If you violate the conditions of the release, you can be returned to prison, even if the violation occurs close to the end of the supervised period. So if you don't follow the conditions of supervised release, your prison term could be lengthened without credit for pre-release imprisonment or time previously served on post-release supervision.

Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: If after you are sentenced, you or your attorney think that the Court has not properly followed the law in sentencing you, you can appeal your sentence to a higher court. However, you have agreed not to file an appeal or otherwise challenge the conviction or sentence in the event the Court imposes a term of imprisonment of 16 months or below. By pleading guilty here today, you will not, except under rare and very limited circumstances, be able to challenge your judgment of conviction.

Do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: Do you have any questions you would like to ask me about the charge, your rights or anything else relating to this matter, Mr. Barysheff?

THE DEFENDANT: No, your Honor.

THE COURT: Is everything clear to you, sir?

THE DEFENDANT: Yes.

THE COURT: Mr. Morris, do you know of any reason why your client should not enter a plea of guilty to the charge?

MR. MORRIS: No good reason in the present circumstances.

THE COURT: Are you aware of any viable legal

defense to the charge?

MR. MORRIS: No.

THE COURT: Mr. Barysheff, are you ready to plead, sir?

THE DEFENDANT: Yes, I am ready.

THE COURT: How do you plead to the information, guilty or not guilty?

THE DEFENDANT: I plead guilty.

THE COURT: Are you making this plea of guilty voluntarily and of your own free will?

THE DEFENDANT: Yes, I do.

THE COURT: Has anyone threatened or forced you to plead guilty?

THE DEFENDANT: No.

THE COURT: Other than the written agreement with the government that we have discussed today, has anyone made you any promise that caused you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone made you any promise to you about the sentence you will receive?

THE DEFENDANT: No.

THE COURT: Mr. Barysheff, please describe briefly in your own words what you did in connection with the crime to which you are pleading guilty?

MR. MORRIS: Your Honor, may I ask my client some questions?

THE COURT: Is that how you want to proffer his allocution into the record?

MR. MORRIS: Yes.

THE COURT: Is there any objection?

MR. HEEREN: No, your Honor.

THE COURT: Go ahead, Mr. Morris.

MR. MORRIS: Thank you.

Mr. Barysheff, on approximately November 23, 2015, did you help ship a package of items to a company from Brooklyn to a company in Finland?

THE DEFENDANT: Yes, I did.

MR. MORRIS: And in preparing the paperwork for that shipment, did you include false information?

THE DEFENDANT: Yes, I did.

MR. MORRIS: Which information you knew would be relied upon in the preparation of a shipper's export declaration?

THE DEFENDANT: Yes.

MR. MORRIS: Now that false information included lowering the price of the contents of the package, is that correct?

THE DEFENDANT: Yes.

MR. MORRIS: And it also included putting a --

changing the part number of the times that were contained in that package?

THE DEFENDANT: Yes, that's correct.

MR. MORRIS: And you knew what you were doing, is that correct?

THE DEFENDANT: That's correct.

MR. MORRIS: And you knew that it was to avoid the requirements for exporting these kind of -- to make these kind of international shipments, is that correct?

THE DEFENDANT: Yes, that's correct.

MR. MORRIS: I have no further questions.

THE COURT: Mr. Heeren, is that sufficient?

MR. HEEREN: Yes, your Honor.

THE COURT: There was nothing that hooked it to where he was when all of this was done.

MR. MORRIS: Your Honor, I asked if it was Brooklyn but I can ask again. Did you make these shipments from Brooklyn?

THE DEFENDANT: Yes, I did.

THE COURT: Okay. As long as the government doesn't think there needs to be any further allocution, Mr. Heeren.

MR. HEEREN: No, your Honor. I would just note for the record that the government would present evidence if we were to go to trial that in fact these items did

require the filing of a shipper's export declaration or a filing in the automated export system, which is something he does not have to have knowledge of. It's simply another aspect of the charges.

THE COURT: And is there anything else that needs to be addressed on behalf of Mr. Barysheff today, Mr. Morris?

MR. MORRIS: I don't believe so, Judge.

THE COURT: Then based on the information given to me, I find that defendant Alexey Barysheff, is acting voluntarily, that he is competent, that he fully understands the charges against him, his rights and the consequences of his plea and that there is a factual basis for his guilty plea.

I, therefore, recommend that Judge Dearie should accept defendant's plea of guilty and Judge Dearie has set June 16th, 2017 at 10 a.m. as the date for sentencing.

Mr. Barysheff is not in custody. So I would presume that the conditions set for Mr. Barysheff to remain at liberty will remain in place.

Is that correct, Mr. Heeren?

MR. HEEREN: Yes, your Honor.

THE COURT: Anything further on behalf of the United States today?

MR. HEEREN: No, your Honor.

THE COURT: Anything further on behalf of Mr. Barysheff today?

MR. MORRIS: No, Judge. Thank you.

THE COURT: Then this matter is adjourned. Thank you.

THE DEFENDANT: Thank you, your Honor.

(Matter concluded)

-o0o-

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **22nd** day of **April**, 2017.

Linda Ferrara

AAERT CET**D 656
Transcriptions Plus II, Inc.